UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN G. MARKS,

                Plaintiff,

       -against-

ELIZABETH BLOUNT-LEE,

                Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-3524 (JMA) (AYS)

FILED
CLERK
7/20/2017 2:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Francesco P. Tini
Tini Law PC
425 Oak Street
Copiague, NY 11726
    *Attorney for Plaintiff*

Megan J. Freismuth
United States Attorney's Office
610 Federal Plaza
Central Islip, NY 11722
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

    Before the Court is a motion by plaintiff John Marks to remand this case to state court. Also before the Court are the United States' motions to vacate the state court default judgment against defendant Elizabeth Blount-Lee and to dismiss plaintiff's complaint for lack of subject matter jurisdiction. For the following reasons, the Court denies plaintiff's motion to remand and grants the government's motions to vacate the judgment and to dismiss the complaint.

### I. BACKGROUND

    On November 20, 2015, defendant Elizabeth Blount-Lee allegedly struck plaintiff's parked car while she was operating a United States Postal Service ("USPS") vehicle. (Compl., Freismuth

1

Decl. Ex. B, ECF No. 24.)  Plaintiff does not dispute that Blount-Lee was acting within the scope of her employment as a USPS employee at the time of the incident.[1]

On February 15, 2016, plaintiff submitted a claim to the USPS for $2,164.81.  (Claim for Damage, Injury, or Death, Freismuth Decl. Ex. A, ECF No. 24.)  This claim reflected the cost of the rental car plaintiff had allegedly obtained while his car was being repaired as a result of the accident.  (Id.)

On April 7, 2016, before plaintiff and the USPS were able to resolve his claim, plaintiff commenced this action in Nassau County District Court against Blount-Lee.  Marks v. Blount-Lee, Index No. 999/16.  Plaintiff sought reimbursement for his rental car along with interest and costs.  Id.  In June 2016, the Nassau County District Court entered a default judgment against Blount-Lee, awarding plaintiff $2,232.91 in damages, interest, and costs.  (Judgment, Freismuth Decl. Ex. C, ECF No. 24.)

On July 7, 2016, the United States removed this action to federal court pursuant to, inter alia, 28 U.S.C. § 2679.[2]  In August, the government requested a pre-motion conference concerning a proposed motion to vacate the state default judgment against Blount-Lee and to dismiss the complaint for lack of subject matter jurisdiction.  (ECF No. 4.)  On August 17, 2016, plaintiff opposed the request for a pre-motion conference, filing a letter styled as a "Reply to Letter Motion

---

[1] Notably, in one submission, plaintiff explicitly requests that this Court "[d]etermin[e] that Elizabeth Blount-Lee was 'acting within the scope of her employment' when she damaged [plaintiff's] vehicle."  (Pl.'s Aff. in Opp'n at 5, ECF No. 26.)

[2] 28 U.S.C. § 2679(d), a provision of the Federal Tort Claims Act ("FTCA"), provides:

> Upon certification by the Attorney general that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2).

and Cross-Letter Motion." (ECF No. 6.) Plaintiff argued, inter alia, that removal of the action to federal court was improper, and should be "vacated," because the United States' notice of removal was untimely. (Id.) The parties submitted additional letters on these issues a month later. (ECF Nos. 7, 8.) On December 1, 2016, after an adjournment requested by the parties, this Court held a pre-motion conference and granted the parties leave to file their proposed motions. (ECF No. 17.)

Currently pending before the Court are: (1) plaintiff's motion to remand this case to state court; (2) the government's motion to vacate the default judgment against Blount-Lee; and (3) the government's motion to dismiss the complaint for lack of subject matter jurisdiction. After these motions were briefed, plaintiff, an attorney who initially appeared pro se, retained counsel.

## II. DISCUSSION

### A. Motion to Remand

Plaintiff argues that this case should be remanded to state court because the United States' notice of removal was untimely.[3] Plaintiff's motion to remand, however, is itself untimely. Accordingly, the Court denies the motion.

A motion to remand on any ground other than lack of subject matter jurisdiction must be made within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). If a party fails to move to remand within thirty days, the party waives all non-jurisdictional arguments to removal, including those based on timeliness grounds. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3739 (4th ed. 2017).

---

[3] In his letter filed on August 17, 2016, plaintiff argues that removal was untimely because the notice of removal was not filed within thirty days of service of the initial pleading or summons as required by the general removal statute. (ECF No. 6 (citing 28 U.S.C. § 1446).) In his letter filed on September 12, 2016, however, plaintiff argues that removal was untimely because the notice of removal was not filed "before trial" as required by the FTCA. (ECF No. 8 (citing 28 U.S.C. § 2679).)

The United States filed its notice of removal on July 7, 2016. (ECF No. 1.) Accordingly, plaintiff had until August 6, 2016 to file a motion to remand. Although plaintiff never made a formal motion to remand, the Court liberally construes plaintiff's August 17, 2016 "Reply to Letter Motion and Cross-Letter Motion," which first raised the argument that the government's notice of removal was untimely, as a motion to remand this action to state court.[4] See Blanco v. Snyder's of Hanover, Inc., No. 03-CV-385, 2003 WL 21939707, at *3 (S.D.N.Y. Aug. 12, 2013) (construing "Affirmation in Opposition [to Removal]" in which plaintiffs made their opposition to removal known as motion to remand). Because plaintiff filed this letter motion more than a week after the statutory deadline lapsed, the motion to remand is denied as untimely.

B. **Motion to Vacate**

The United States argues that the default judgment against Blount-Lee should be set aside as void. The Court agrees.

### 1. **This Court has the Authority to Vacate the Default Judgment that was Entered Prior to Removal**

Once an action has been removed, "the federal district court acquires full and exclusive subject matter jurisdiction over the litigation." In re Zyprexa Products Liability Litig., 467 F. Supp. 2d 256, 273 (E.D.N.Y. 2006) (quoting Federal Practice and Procedure, § 3738). "The case will proceed as if it had been brought in the federal court originally." Id. (citing Federal Practice and Procedure, § 3738). It follows that the Federal Rules of Civil Procedure govern the litigation after removal. Willy v. Coastal Corp., 503 U.S. 131 (1992), reh'g denied, 504 U.S. 935 (1992). A default judgment previously entered by a state court may thus be set aside by a federal court pursuant to Federal Rules 55(c) and 60(b)(4) after the case has been removed.

---

[4] Although this letter is dated August 15, 2016, it was not filed with the Court until August 17, 2016. The Court need not decide which date marks the filing of the motion to remand because under either date the motion is untimely.

4

This principle is well established in the context of removal pursuant to 28 U.S.C. § 1441, the general removal statute. See Federal Practice and Procedure, § 3738; see, e.g., Tarbell v. Jacobs, 856 F. Supp. 101, 104 (N.D.N.Y. 1994) (vacating state default judgment as void after removal based on federal question jurisdiction). Where removal occurs pursuant to another federal statute, such as the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), a court may "apply the identical principle to set aside [a] default judgment rendered against [a defendant] prior to removal of th[e] lawsuit." Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970) (setting aside default judgment rendered by state court after determining that removal pursuant to the FTCA was proper).

This Court has already determined that plaintiff's motion to remand was untimely. Because the Nassau County District Court no longer has jurisdiction over this case and the case is now before this Court, this Court necessarily has the power to vacate the default judgment that the state court previously entered. A contrary ruling would lead to the absurd result that neither this Court nor the Nassau County District Court has the authority to vacate the default judgment.

**2. Setting Aside the Default Judgment**

Next, the Court considers whether to set aside the default judgment. The Federal Rules permit a court to set aside a default judgment that is void. Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."); Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void; . . ."). "A void judgment is one which, from its inception, was a complete nullity without legal effect." Lubben v. Selective Service Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972). If a court lacks subject matter jurisdiction to adjudicate a claim, then any

5

order entered by that court is void. See id. "A judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" Central Vt. Public Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1996)).

Here, the state court clearly lacked jurisdiction to enter the default judgment. The FTCA grants federal courts exclusive jurisdiction over claims for "loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). Plaintiff does not dispute that Blount-Lee was acting within the scope of her employment while operating the USPS vehicle on November 20, 2015.[5] Furthermore, plaintiff seeks reimbursement (i.e., money damages) for rental car costs incurred as a result of the Blount-Lee's allegedly negligent operation of the USPS vehicle. Because the FTCA places exclusive jurisdiction to adjudicate such claims in the federal courts, the state court lacked jurisdiction to enter a default judgment against Blount-Lee. Plaintiff does not, and cannot, argue otherwise.

The Court also notes that the decision to set aside the state default judgment will not violate principles of federal-state comity. "Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." In re James, 940 F.2d 46, 52 (3d Cir. 1991); cf. In re Rey, No.

---

[5] Plaintiff's only argument regarding Blount-Lee's "scope of employment" is that plaintiff was not given timely notice by the USPS that Blount-Lee was acting within her scope of employment on the day of the accident. According to plaintiff, the government's motion to dismiss "should be denied since the U.S. Attorney has failed to establish that, prior to the commencement of the Nassau County District Court the plaintiff was notified that Ms. Blount-Lee was acting within the scope of her employment." (Aff. in Opp'n ¶ 33, ECF No. 26.) The FTCA, however, contains no provision that required the government to notify plaintiff that Blount-Lee was acting within the scope of her employment prior to plaintiff's commencement of his action in state court.

05-CV-3535, 2006 WL 1320349, at *2 (E.D.N.Y. May 22, 2006) (noting that federal bankruptcy courts that vacate state court judgments do not intrude on comity owed state courts when "the state court has invaded a sphere of exclusive jurisdiction the Congress has carved out for the bankruptcy courts").

Because the state court lacked subject matter jurisdiction to enter a default judgment against Blount-Lee on what was essentially an FTCA claim, the Court sets aside the default judgment against Blount-Lee as void.

The Court also notes that even if the judgment entered against Blount-Lee was not void, the Court would nevertheless exercise its discretion to vacate the default judgment. Plaintiff's suit should be heard in federal court because Blount-Lee was acting within the scope of her employment at the time of the alleged tort. 28 U.S.C. § 2679(b)(1). Moreover, as explained below, the government has a viable defense that plaintiff failed to exhaust his administrative remedies under the FTCA. The government may also have a viable merits defense that the damages awarded in the default judgment were excessive.

**C. Motion to Dismiss**

  **1. Standard**

A court should grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction if the court is not authorized to adjudicate the plaintiff's claims. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). The party asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence. Id. In determining whether subject matter jurisdiction exists, a court may look to evidence outside the complaint. See Kamen v. Am. Tel. &

Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

### 2. Exhaustion Under the FTCA

Under the FTCA, a plaintiff cannot institute a claim against the United States for money damages unless he has first exhausted his administrative remedies. Tarafa v. B.O.P. MDC Brooklyn, No. 07-CV-554, 2007 WL 2120358, at *3 (E.D.N.Y. 2007) (citing 28 U.S.C. § 2675 and McNeil v. United States, 508 U.S. 106, 110 (1993)). Before filing a lawsuit, an aggrieved party must file his claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The agency then has six months to investigate and make final disposition of the claim. Id.

A prematurely filed FTCA action must be dismissed even if a plaintiff's administrative remedies are exhausted while the action is pending. McNeil, 508 U.S. at 110; Liriano v. ICE/DHS, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011) ("The requirement that prematurely filed FTCA claims be dismissed holds even when, as here, the FTCA claims would be ripe if re-filed at the date of the court's decision."); Tarafa, 2007 WL 2120358, at *3 ("[A]lthough it is the court's view that dismissing [plaintiff's] FTCA claim and requiring him to re-file is the ultimate exercise of form over substance, this court must dismiss [plaintiff's] FTCA claim under the Supreme Court's dictates in McNeil."). "The requirement that administrative claims be filed and denied by the appropriate federal agency is jurisdictional and cannot be waived." Mosseri v. FDIC, 104 F.3d 356 (2d Cir. 1996) (citations omitted).

### 3. Analysis

On February 15, 2016, plaintiff submitted a claim to USPS seeking reimbursement for his rental car. (Claim for Damage, Injury, or Death, Freismuth Decl. Ex. A.) Under the FTCA, the USPS then had six months (or, until August 15, 2016) to investigate and resolve his claim. Plaintiff, however, filed his state suit on April 7, 2016, well before the statutory period allotted to

8

the USPS elapsed. Despite the fact that plaintiff's administrative remedies would be exhausted were he to re-file his suit today, there can be no doubt that those remedies were unexhausted when he filed this suit in April of 2016. Accordingly, this Court lacks jurisdiction to adjudicate this claim and dismisses plaintiff's complaint pursuant to Rule 12(b)(1).

### III.  CONCLUSION

Plaintiff's motion to remand this action to state court is denied. The motion to vacate the judgment against Blount-Lee is granted. Furthermore, because plaintiff has failed to exhaust his administrative remedies under the FTCA, his complaint is dismissed without prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED**.

Date:   July 20, 2017
        Central Islip, New York

                                        /s/ (JMA)
                                    Joan M. Azrack
                                    United States District Judge